ADAMS v. YUKON GOLD CO. et al.

(Fourth Division. Fairbanks. November 9, 1915.)

No. 32–R.

1. MINES AND MINERALS ⬳29(4)—LOCATING FRACTION.

A placer mining claim located in good faith is not void, because it exceeds 20 acres (an association placer claim 160 acres), but is void only as to the excess, which may be rejected from any portion the owner may select, and until he has been advised of the excess, and has had a reasonable time to make his selection, his possession extends to the entire claim, and another, who goes upon it and makes a location of any part, is a trespasser, and his location a nullity and void for any purpose.

2. MINES AND MINERALS ⬳29(4)—CO-OWNERS.

Where only two co-owners of a placer claim gave consent to the location by a third person of the excess acreage in the claim, and other co-owners neither consented to it nor ratified it, it is not binding on the owners.

3. MINES AND MINERALS ⬳20(3)—LOCATING EXCESS FRACTION.

One claiming the right to make entry of a placer mining claim the boundaries of which contain an area in excess of the amount allowed by law, under permission of the owners thereof to stake the excess, should first determine the amount of such excess and stake the same in such manner that the original location thus reduced in area will not contain an additional course.

The trial of this action was begun at the special July, 1915, term of court at Iditarod, before the court, without a jury. Testimony was introduced by both the plaintiff and the defendants, and upon stipulation of counsel the trial was continued to the special term of court at Ruby, adjourned to August, 1915. An order was duly entered transferring the cause to the

---

⬳See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Ruby calendar, and trial of the action having been completed on the 16th day of August, the court reserved decision.

The plaintiff in his complaint alleges that, by reason of good and subsisting locations thereof as placer mining ground, he is the owner of and in possession of the Anaconda Fraction placer mining claim, 120 feet in width by 2,640 feet in length, and of the Anaconda Fraction No. 2 placer mining claim, 125 feet in width by 5,280 feet in length; that said Anaconda Fraction No. 2 placer mining claim includes within its boundaries all of said Anaconda Fraction placer mining claim.

Answering plaintiff's complaint, defendants deny plaintiff's ownership of the "Anaconda Fraction" and "Anaconda Fraction No. 2"; allege that all the ground embraced by said "Anaconda Fraction" and said "Anaconda Fraction No. 2" is within the boundaries of the Prospector Association placer mining claim, of which the defendant Yukon Gold Company is the lessee in possession and co-owner, and that the other defendants are owners of undivided interests and lessors of the Yukon Gold Company.

In reply, plaintiff denies the affirmative defense of defendants; alleges the Prospector Association placer mining claim to be greatly in excess of 160 acres, failure of defendants to cast off excess within reasonable time after notice, and that the said Prospector Association claim was fraudulently located by the original locators thereof.

By plaintiff's testimony it is shown that prior to the 23d day of May, 1911, plaintiff knew that the boundaries of the Prospector included more than 160 acres; that he had discovered gold-bearing gravel within the boundaries of the Anaconda Fraction, and that on the 23d day of May, 1911, he placed stakes at the corners of the Anaconda Fraction, blazed trees along its boundaries, in due time posted a notice of location on the premises, and filed a copy of the same for record with the recorder of the Otter precinct; that said Anaconda Fraction was 120 feet in width by 2,640 feet in length; that subsequently, and during the year 1913, plaintiff placed stakes at the corners of, and blazed trees along the boundaries of, the Anaconda Fraction No. 2, including all the ground embraced in the Anaconda Fraction, in due time posted notice of location, and filed a copy of the same for record with the recorder of the Otter mining district; that said Anaconda Fraction No. 2 was 125 feet in width by 5,280 feet in length. Plaintiff fur-

ther testified that the assessment work had been done for the years 1912, 1913, and 1914.

It is shown that the Prospector Association claim was located in the year 1909 by eight persons, and by the location notice thereof was intended to be 1,320 feet in width by 5,280 feet in length, and to contain 160 acres; that as originally marked upon the ground it contained 187.03 acres, and was therefore in excess by 27.03 acres.

As is generally the case, the boundaries of the Prospector Association claim, as marked upon the ground, did not meet at right angles. The south boundary was 5,528 feet in length; the north boundary was 5,955.9 feet in length; the east boundary was not in a straight line, and from the center stake to the south boundary corner is a distance of 687.5 feet, and to the north boundary corner is 716.8 feet, the center stake being westerly of a straight line connecting the southeast corner and the northeast corner of the claim; the west boundary was 1,535.2 feet in length. The southerly boundary was also the northerly boundary of the Mohawk Association claim. The survey does not show the Anaconda Fraction No. 2 exactly 125 feet in width by 5,280 feet in length. It is less than 5,280 feet in length, 130 feet in width on the easterly boundary, and 123 feet in width on its westerly boundary, and is in conflict with the Prospector Association claim, after casting off the excess of 27.03 acres on the westerly end, in the extent of 14.31 acres. The southerly boundary of the Prospector Association claim is the southerly boundary of the Anaconda Fraction No. 2.

E. Coke Hill, of Ruby, for plaintiff.

Henry Roden, of Juneau, and E. M. Stanton, of Iditarod, for defendants.

BUNNELL, District Judge. The plaintiff, Adams, testified in substance that, after having ascertained the Prospector Association claim as stated to be in excess of 160 acres, he went to two of the co-owners of the claim and notified them of his intention to stake such excess; that they thereupon gave their consent to plaintiff to stake such excess from either end or side. It was shown that the remaining co-owners, some of whom were in the immediate vicinity, were not advised of the consent given by the two co-owners to Adams; that this act.

had by them neither been previously authorized nor subsequently ratified. Plaintiff contends that, having entered under the permission thus extended, the remaining co-owners, being tenants in common, were bound by the act of their co-tenants. I am satisfied that this contention cannot prevail. Barson v. Mulligan, 191 N. Y. 306, 84 N. E. 75, 16 L. R. A. (N. S.) 151; O'Hanlon v. Ruby Gulch M. Co., 48 Mont. 65, 135 Pac. 913; McKinley v. Peters, 111 Pa. 283, 3 Atl. 27; 3 Lindley on Mines, 1950; Town of Gold Hill v. Caledonia Silver M. Co., 5 Sawyer, 575, 14 Morrison, M. R. 207; Deep River Gold M. Co. v. Fox, 4 Ired. Eq. (N. C.) 61, 1 Morrison, M. R. 301.

It is not charged that the original locators fraudulently included within the boundaries of the Prospector Association claim an area greater than 160 acres. It must therefore be admitted that the location was made in good faith as to the area included.

"No entry for the purpose of location can be made on an existing mining claim which is excessive through honest mistake until notice of the excess has been given the locator and an opportunity afforded him to reduce his claim to legal size." Jones v. W. G. M. & T. Co., 177 Fed. 95, 101 C. C. A. 349, 29 L. R. A. (N. S.) 392; Nicholls v. Lewis & Clark M. Co., 18 Idaho, 224, 109 Pac. 846, 28 L. R. A. (N. S.) 1029; Dwinnell v. Dyer, 145 Cal. 12, 78 Pac. 247, 7 L. R. A. (N. S.) 763; Zimmerman v. Funchion, 161 Fed. 859, 89 C. C. A. 53; Waskey v. Hammer, 170 Fed. 31, 95 C. C. A. 305.

"A placer mining claim located in good faith is not wholly void because it exceeds 20 acres (an association placer claim 160 acres), but is void only as to the excess, which may be rejected from any portion the owner may select, and until he has been advised of the excess, and has had a reasonable time to make his selection, his possession extends to the entire claim, and another who goes upon it and makes a location of any part is a trespasser, and his location a nullity and void for any purpose." Jones v. W. G. M. & T. Co., 177 Fed. 95, 101 C. C. A. 349, 29 L. R. A. (N. S.) 392.

The plaintiff, it will be noted, claims the right to enter by virtue of permission extended to him by two of the co-owners to stake the excess from either side or end. Ordinarily one could not be heard to complain if, having granted permission to stake the excess, the locator staked less than the excess. If the two co-owners were able to bind the other co-owners by such permission, the plaintiff, as in this case, would be required to stake such excess entirely on one side or on one end. This plaintiff fails to do. If he, by his staking, can give the original location another course, as he has attempted to do in

this instance, then "to stake on either side or end" can be construed to mean a staking of excess in rectangular form anywhere in the original claim provided one boundary of the fractional location coincides with one boundary of the original location. One claiming the right to make entry of a placer mining claim the boundaries of which contain an area in excess of the amount allowed by law, under permission of the owners thereof to stake the excess, should first determine the amount of such excess and stake the same in such manner that the original location thus reduced in area will not contain an additional course.

One of the defendants herein, the Yukon Gold Company, after this action was instituted, in the winter of 1914 surveyed the Prospector Association claim, cast off the excess of 27.03 acres at the lower end, and established a new boundary accordingly.

Section 2331 of the Revised Statutes (U. S. Comp. St. 1916, § 4630) provides that claims upon unsurveyed public lands shall conform "as near as practicable with the United States system of public land surveys, and the rectangular subdivisions of such surveys."

Defendants' Exhibit A is a map showing the conflict area of the Prospector Association claim with the Anaconda Fraction and the Anaconda Fraction No. 2; also the excess area cast off by establishing a new lower boundary for the Prospector Association claim. It also shows that the Prospector Association claim is bounded on the upper, or easterly, end by the K. P. M. claim, and on the southerly side by the Mohawk Association claim and the Lucky Fraction claim. No claim is shown to join the Prospector Association claim on the westerly, or lower, end.

If the decision of the land office is to be followed in Re Snowflake Fraction Placer, 37 Land Dec. 250, "as nearly as practicable" has a well-defined meaning. It is laid down in this decision that the Land Department is unwilling to approve "shoestring" claims or those of irregular shapes, unless prior locations render such fractional locations necessary in order to appropriate unclaimed area.

Plaintiff asks the court to validate the Anaconda No. 2, being a fractional claim 5,280 feet in length by 125 feet in width. The necessity for making a location in this form is not shown; on the other hand, the evidence clearly shows that the

plaintiff under section 2331, Revised Statutes, could have located the excess of the Prospector Association claim finally cast off, and such location would have been "as near as practicable with the United States system of public land surveys." 2 Lindley on Mines (3d Ed.) § 448.

While the courts are not bound by the decisions of the Land Department, still the courts should consider them and give them full force and effect in proper cases. Hanson v. Craig, 170 Fed. 62, 95 C. C. A. 338.

Findings of fact and conclusions of law in accordance with the views herein expressed, together with a decree dismissing the action, may be prepared and submitted. Since defendants reside at Iditarod and the plaintiff resides at Ruby, the defendants may have 60 days to prepare, serve, and file their findings of fact and conclusions of law, and the plaintiff may have 60 days after service of the same to prepare and file any proposed amendments or objections.